COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Agee
Argued at Salem, Virginia


BARRY SCOTT HILL
                                    MEMORANDUM OPINION* BY
v.    Record No. 0405-00-3          JUDGE ROBERT J. HUMPHREYS
                                          MARCH 20, 2001
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                Diane McQ. Strickland, Judge

        Deborah Caldwell-Bono for appellant.

        Steven A. Witmer, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     Barry Scott Hill appeals his conviction, after entering a

conditional guilty plea, for possession of a firearm after having

been convicted of a felony.  Hill contends that the trial court

erred in failing to suppress the evidence against him, which he

argues was obtained as a result of an illegal stop and seizure.

     "At a hearing on a defendant's motion to suppress, the

Commonwealth has the burden of proving that a warrantless search

or seizure did not violate the defendant's Fourth Amendment

rights."  Reel v. Commonwealth, 31 Va. App. 262, 265, 522 S.E.2d

881, 882 (2000).  "[However,] [i]t is well established that, on

appeal, appellant carries the burden to show, considering the

--------
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

evidence in the light most favorable to the Commonwealth, that the denial of a motion to suppress constitutes reversible error."  Motley v. Commonwealth, 17 Va. App. 439, 440-41, 437 S.E.2d 232, 233 (1993).  "Ultimate questions of reasonable suspicion and probable cause . . . involve questions of both law and fact and are reviewed de novo on appeal.  This Court is bound by the trial court's findings of historical fact unless plainly wrong or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers."  Neal v. Commonwealth, 27 Va. App. 233, 237, 498 S.E.2d 422, 424 (1998) (citations omitted).

Prior to trial, Hill submitted a motion to suppress the evidence against him arguing that it was seized in violation of the "rights afforded him by the United States Constitution and in violation of the Constitutional Rights afforded him by the Commonwealth of Virginia."  The evidence presented during the hearing on the motion established that on September 20, 1999, Vinton Police Officer John R. Munsey received a "be on the lookout" dispatch while he was patrolling the streets of Vinton in his patrol car.  The dispatch alerted officers to watch for a "blue Toyota pickup truck" with Virginia license plate "LEGO-2." Officer Munsey testified, without objection, that the dispatcher told him the request was based upon information from the Roanoke City Police Department indicating that a Roanoke police officer

-

was taking a report from a complainant regarding a crime of brandishing a firearm in the City of Roanoke.

Shortly thereafter, the vehicle driven by Hill pulled out of a fast-food restaurant parking lot, in front of Officer Munsey's patrol car. The description of the vehicle and the license plate matched the description given in the dispatch. Officer Munsey stopped the vehicle and identified the driver as Hill. Officer Munsey then asked Hill if there were any firearms in the vehicle, and Hill informed the officer that there was a gun in the truck.

At a hearing on his motion, Hill argued that the arrest was illegal pursuant to Code § 19.2-81, which applies to warrantless arrests.[1] After the Commonwealth responded in argument that the incident involved an investigatory stop, as opposed to an arrest, Hill then argued that the incident "fell short of even a constitutional Terry stop to be on the lookout for a vehicle because a person is making a complaint." The trial court overruled the motion to suppress finding that there was no "arrest at the point the stop was made" and that even if there was an "arrest," there was no constitutional violation which

---

[1] Code § 19.2-81 provides the following, in pertinent part, "[s]uch officers may arrest, without a warrant, any person who commits any crime in the presence of the officer and any person whom he has reasonable grounds or probable cause to suspect of having committed a felony not in his presence . . . ."

-

would require suppression of the evidence. We agree with the trial court.

We first note that, on appeal, Hill does not raise the issue of whether the stop constituted an "arrest" falling within the purview of Code § 19.2-81, despite his focus on this contention before the trial court. Instead, Hill expands upon his brief argument to the trial court that the incident fell short of a constitutional investigatory stop.

> [W]hen the police stop a motor vehicle and detain an occupant, this constitutes a seizure of the person for Fourth Amendment purposes. In order to justify an investigatory stop of a vehicle, the officer must have some reasonable, articulable suspicion that the vehicle or its occupants are involved in, or have recently been involved in, some form of criminal activity. To determine whether an officer has articulated a reasonable basis to suspect criminal activity, a court must consider the totality of the circumstances, including the officer's knowledge, training, and experience.

Neal, 27 Va. App. at 237, 498 S.E.2d at 424 (citations omitted).

"[W]hether [a] stop [i]s justified is dependent upon whether the facts available to the officer at the moment of the seizure or the search [would] warrant a man of reasonable caution in the belief that the action was appropriate." Jackson v. Commonwealth, 22 Va. App. 347, 352, 470 S.E.2d 138, 141 (1996) (citations omitted). However, "[t]he mere broadcast by the police to be on the lookout for an individual, without more, does not provide a patrol officer receiving such broadcast

-

articulable and reasonable suspicion that criminal activity is afoot." Motley, 17 Va. App. at 440-41, 437 S.E.2d at 233 (because there was no evidence presented at the suppression hearing explaining the reason for the police broadcast, the source or reliability of the information received, or any corroboration by the arresting officer, the officer had no basis to conduct a Terry stop).

Here, however, Officer Munsey based his stop of Hill's vehicle on more than a "mere broadcast by the police to be on the lookout for an individual." Officer Munsey was told to be on the lookout for a vehicle of a specific description, including the full license plate number. He was further informed that the reason for the police dispatch was that a Roanoke City police officer was "taking a report from a complainant at the time" of the dispatch and that the basis of the complaint was a brandishing of a firearm incident that had occurred in Roanoke City. From this, Officer Munsey could reasonably infer that the officer was taking the information in a face-to-face interview with the complainant and that Hill, who was driving the vehicle specifically described in the dispatch, had been involved in the crime. At that point, Officer Munsey had reason to stop Hill "for purposes of investigating possibly criminal behavior, and in the course of the investigation [Officer Munsey could] make reasonable inquiries . . . in order to determine [Hill's] identity or to maintain the status quo

-

momentarily while obtaining more information."  Jones v. Commonwealth, 230 Va. 14, 19, 334 S.E.2d 536, 540 (1985) (citations omitted).

Thus, viewing the evidence in the light we must, we affirm the trial court's holding that no constitutional violation occurred and that there was, therefore, no basis upon which to require suppression of the evidence obtained as a result of the stop.

Affirmed.